**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-26-158** |
| | * | |
| **BRITTANY EVERETT,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

*******

**CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorneys, and with the consent of counsel for the Defendant, Brittany Everett (the "Defendant"), hereby submits this motion for an order excluding time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7), and in support thereof submits the following:

1. On April 30, 2026, a federal grand jury returned an indictment charging the Defendant with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.

2. On May 27, 2026, the Defendant's initial appearance and arraignment on the indictment was held before Chief U.S. Magistrate Judge Timothy J. Sullivan, and the Defendant pleaded not guilty. ECF No. 10.

3. The Government moved for, and the Court entered, a Protective Order to facilitate the production of voluminous records to the Defense. ECF Nos. 15, 21. The Government produced voluminous discovery to the Defense on July 1, August 17, and August 31, 2026.

4. The Court previously excluded the time from May 27, 2026, through July 27, 2026, ECF No. 20, and from July 28, 2026, through September 28, 2026, ECF No. 26, under 18 U.S.C. § 3161(h)(7).

5. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), the trial of a defendant charged in an information or indictment shall commence within 70 days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs. However, pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court may grant a continuance when the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, provided that the Court sets forth its reasons for that finding in the record.

6. The Government and counsel for the Defendant agree that it is in their mutual interests to toll the speedy trial clock under 18 U.S.C. § 3161(h)(7). As counsel for the Defendant indicated to the Court during the August 12, 2026 status call, the Defendant's current medical condition counsels in favor of tolling. Furthermore, the discovery in this case is voluminous. The requested exclusion of time would allow counsel for the Defendant to continue reviewing discovery with the Defendant and to prepare any pretrial motions, and would allow the parties to continue discussing a possible pretrial resolution of this case. Trial within the time otherwise required by the Act would therefore deny counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

7. Counsel for the Defendant consents to this motion.

8. For the foregoing reasons, the ends of justice will be served by excluding the time from October 2, 2026, through and including December 1, 2026, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7), and those ends outweigh the best interests of the public and the Defendant in a speedy trial.

WHEREFORE, the Government, with the consent of the Defendant, respectfully requests that the Court issue an order excluding the time from October 2, 2026, through and including December 1, 2026, in computing the time within which trial must commence under the Speedy Trial Act. A proposed Order is attached.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: ___________/s/______________
Michael Jaskiw
Special Assistant United States Attorney

Brooke Oki
Assistant United States Attorney